# UNITED STATES DISTRICT COURT
## Eastern District of California

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
|---|---|
| v. | (For **Revocation** of Probation or Supervised Release) |
| **AARON BROWN** | Criminal Number: **2:23CR00086-01** |
| | Defendant's Attorney: Michael E. Hansen, Appointed |

**THE DEFENDANT:**

[✓] admitted guilt to violation of charges  2, 3 and 4  as alleged in the Second Superseding Violation Petition filed on  6/29/2023 .

[ ] was found in violation of condition(s) of supervision as to charge(s) ___ after denial of guilt, as alleged in the violation petition filed on ___.

The defendant is adjudicated guilty of these violations:

| Violation Number | Nature of Violation | Date Violation Ended |
|---|---|---|
| 2 | Failure to Notify of Law Enforcement Contact | 2/19/2023 |
| 3 | Unauthorized Travel | 2/19/2023 |
| 4 | Failure to Submit Monthly Report Forms as Directed | 3/3/2023 |

The court: [✓] revokes:   [ ] modifies:   [ ] continues under same conditions of supervision heretofore ordered on  5/5/2015 .

The defendant is sentenced as provided in pages 2 through ___ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[✓] Charges  1, 5 and 6  are dismissed.

**Any previously imposed criminal monetary penalties that remain unpaid shall remain in effect.**

It is ordered that the defendant shall notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

8/17/2023
Date of Imposition of Sentence

*/s/ Troy L. Nunley*
Signature of Judicial Officer
**Troy L. Nunley**, United States District Judge
Name & Title of Judicial Officer
8/17/2023
Date

AO 245B-CAED (Rev. 09/2019) Sheet 2 - Imprisonment

DEFENDANT: **AARON BROWN**  
CASE NUMBER: **2:23CR00086-01**

Page 2 of 5

## IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of: <u>6 months</u>.

- [ ]    No TSR: Defendant shall cooperate in the collection of DNA.

- [✓]    The court makes the following recommendations to the Bureau of Prisons:  
  The court recommends that the defendant be incarcerated at FCI Lompoc in California, but only insofar as this recommendation accords with security classification and space availability.

- [✓]    The defendant is remanded to the custody of the United States Marshal.

- [ ]    The defendant shall surrender to the United States Marshal for this district
  - [ ]    at ___ on ___.
  - [ ]    as notified by the United States Marshal.

- [ ]    The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
  - [ ]    before ___ on ___.
  - [ ]    as notified by the United States Marshal.
  - [ ]    as notified by the Probation or Pretrial Services Officer.
  
  If no such institution has been designated, to the United States Marshal for this district.

- [ ]    Other, Please Specify:

## RETURN

I have executed this judgment as follows:

_____

_____

_____

     Defendant delivered on _____ to _____  
at _____, with a certified copy of this judgment.

                                          _____  
                                          United States Marshal

                                          _____  
                                          By Deputy United States Marshal

AO 245B-CAED (Rev. 09/2019) Sheet 3 - Supervised Release

DEFENDANT: **AARON BROWN**
CASE NUMBER: **2:23CR00086-01**

Page 3 of 5

## SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of:
<u>12 months</u>.

## MANDATORY CONDITIONS

You must not commit another federal, state or local crime.
You must not unlawfully possess a controlled substance.
You must refrain from any unlawful use of controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two (2) periodic drug tests thereafter, not to exceed four (4) drug tests per month.

[ ]  The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse.

[ ]  You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution.

[✓]  You must cooperate in the collection of DNA as directed by the probation officer.

[ ]  You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense.

[ ]  You must participate in an approved program for domestic violence.

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by the probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment, you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person, such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature _____   Date _____

AO 245B-CAED (Rev. 09/2019) Sheet 3 - Supervised Release

DEFENDANT: **AARON BROWN**  
CASE NUMBER: **2:23CR00086-01**

Page 5 of 5

## SPECIAL CONDITIONS OF SUPERVISION

1. You must submit your person, property, house, residence, vehicle, papers, computer, other electronic communications or data storage devices or media, or office, to a search conducted by a United States probation officer or any law enforcement officer under the immediate and personal supervision of the probation officer, based upon reasonable suspicion of unlawful conduct or a violation of a condition of supervision, without a search warrant. Failure to submit to a search may be grounds for revocation. You must warn any other occupants that the premises may be subject to searches pursuant to this condition.

2. You must submit to substance abuse/alcohol abuse testing to determine if you have used a prohibited substance. You must not attempt to obstruct or tamper with the testing methods.

3. You must provide the probation officer with access to any requested financial information and authorize the release of any financial information. The probation office may share financial information with the U.S. Attorney's Office.

4. You will be monitored for a period of 180 days, with location monitoring technology, which may include the use of Radio Frequency (RF), Global Positioning System (GPS) devices, Voice Recognition or Virtual Monitoring Technology, at the discretion of the probation officer, and comply with its requirements.

    The location monitoring technology will be used to monitor the following restriction on your movement in the community:

    You are restricted to your residence at all times except for employment, education, religious services, medical, substance abuse, or mental health treatment, attorney visits, court appearances, court-ordered obligations, or other activities in advance as pre-approved by the supervising officer (Home Detention).

    You must follow the rules and regulations of the location monitoring program. Your co-payment will be determined utilizing a Sliding Fee Scale based on your disposable income.

5. You must participate in a co-payment plan for treatment, testing and/or medication and shall make payment directly to the vendor under contract with the United States Probation Office. Your co-payment will be determined utilizing a Sliding Fee Scale based upon your disposable income.